IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

DEONTRE SIMPSON,

    *Defendant.*

Criminal No. 19-197

OPINION

Counsel for defendant Deontre Simpson ("Simpson") filed an Emergency Motion for Release from pretrial detention in light of the COVID-19 pandemic (ECF No. 50). The government filed a response in opposition to Simpson's request to be released from the Allegheny County Jail ("ACJ") (ECF No. 52). For the reasons that follow, Simpson's motion will be denied.

Simpson was indicted by a federal grand jury in June 2019, for bank robbery, in violation of 18 U.S.C. § 2113(a). Initially, Simpson waived a detention hearing. On October 11, 2019, a detention hearing was held before a United States Magistrate Judge. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, Simpson was released on bond (ECF No. 29). Approximately two weeks later, on October 27, 2019, Simpson was arrested and charged with theft from a motor vehicle. The probation office filed a petition to revoke Simpson's bond and the court ordered that he be detained pending trial (ECF Nos. 32, 33). Simpson pleaded guilty

to the theft charge in state court and was sentenced to six months of probation. In his pending motion, Simpson does not contest that he was lawfully detained under the provisions of 18 U.S.C. § 3142.

Simpson seeks relief under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). The court held a telephonic oral argument on the motion on March 27, 2020.

Simpson contends that he is at much graver risk of contracting COVID-19 at ACJ than if released to home confinement. He did not present any evidence of a personal health condition that would make him uniquely susceptible to COVID-19. In addition, Simpson's counsel is working remotely and practicing social distancing, which includes not visiting Simpson at the ACJ. Defense counsel questions the ACJ's ability to accommodate confidential attorney-client telephone calls. Simpson argues that these changed circumstances require his immediate release. Simpson maintains the same release plan he offered at his prior detention hearing, i.e., living with his mother or grandmother) is still available and that he is not a flight risk. Simpson did not address the "safety of the community" concerns, other than pointing to his limited criminal history, or the fact that he committed another crime within weeks of his previous release on bond.

In opposing the motion, the government points to Simpson's multiple prior violations of bond and expresses skepticism that release on the same conditions would

prevent Simpson from engaging in further criminal conduct. The government maintains that Simpson should remain in custody to protect the safety of the community.

The Court recognizes the potential for Simpson's exposure to the COVID-19 virus at the Allegheny County Jail ("ACJ"). Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. As of the date of this opinion and order, the COVID-19 virus has not been detected at the ACJ. Additionally, there is no indication that Simpson's medical and mental health needs are not being addressed at the ACJ; in fact, he is seemingly receiving appropriate medical care. While the Court is sympathetic to Simpson's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release.

With respect to defense counsel's general concerns about being able to communicate with Simpson, the court is confident that ACJ officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. These forms of communication are sufficient given that his change of plea hearing has been rescheduled to May 19, 2020. The United States District Court for the Western District of Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH. If requested, the Court will consider granting an additional extension of time for Simpson in light of the practical difficulties

caused by the pandemic.

Conclusion

The Court concludes that the order detaining Simpson remains appropriate. Temporary release of Simpson is not warranted. The Emergency Motion for Release from pretrial detention in light of the COVID-19 pandemic (ECF No. 50) will be DENIED.

An appropriate order follows.

Dated: March 27, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge